UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARGARET-ILENE PULLEN,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHUCK ALLEN, et. al.,<br><br>　　　　　　　　　　Defendants. | Case No. 3:16-cv-00551-RCJ-WGC<br><br>**ORDER** |

　　　　Before the court is Plaintiff's application to proceed in forma pauperis (Electronic Case Filing (ECF) No. 1) and pro se complaint (ECF No. 1-1).

　　　　A person may be granted permission to proceed in forma pauperis (IFP) if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions).

　　　　In addition, the Local Rules of Practice for the District of Nevada provide: "Any person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed in forma pauperis. The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

　　　　"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" U.S. v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (quoting Jefferson v. United States, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948).

> When a prisoner seeks to proceed without prepaying the filing fee:
>
> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

> [I]f a prisoner brings a civil action...in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff, who is being held at Lake's Crossing, submitted an application to proceed IFP, but did not submit a *certified copy* of the trust fund account statement. The financial certified submitted by Plaintiff is not signed by the institution.

Plaintiff has **THIRTY DAYS** from the date of this Order to submit a trust fund account statement *certified* by Lake's Crossing or pay the filing fee. Plaintiff is advised that if she fails to do so this action may be dismissed.

**IT IS SO ORDERED**.

DATED: September 29, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE